# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 19-30124

_____

D.C. Docket No. 5:16-CV-1615

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2020

Lyle W. Cayce
Clerk

PATRICIA G. WILLIAMS,

      Plaintiff - Appellant

v.

B R F H H SHREVEPORT, L.L.C., incorrectly named as Biomedical Research
Foundation Hospital Holding L.L.C., doing business as University Health
Shreveport; BIOMEDICAL RESEARCH FOUNDATION OF NORTHWEST
LOUISIANA,

      Defendants - Appellees

Appeal from the United States District Court for the
Western District of Louisiana

Before DENNIS, GRAVES, and WILLETT, Circuit Judges.

### J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is vacated, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that appellees pay to appellant the costs on appeal to be taxed by the Clerk of this Court.

Certified as a true copy and issued
as the mandate on Mar 09, 2020

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30124

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2020

Lyle W. Cayce
Clerk

PATRICIA G. WILLIAMS,

> Plaintiff - Appellant

v.

B R F H H SHREVEPORT, L.L.C., incorrectly named as Biomedical Research Foundation Hospital Holding L.L.C., doing business as University Health Shreveport; BIOMEDICAL RESEARCH FOUNDATION OF NORTHWEST LOUISIANA,

> Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CV-1615

Before DENNIS, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Patricia Williams was the administrator in charge of all outpatient services at a public Louisiana State University (LSU) hospital in Shreveport, Louisiana, for twenty years. When the hospital was privatized in 2013, the company that took over designated her job as temporary, did not hire her for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case 5:16-cv-01615-SMH-MLH   Document 51   Filed 03/09/20   Page 3 of 10 PageID #: 1946

No. 19-30124

other positions, terminated her, and declined to rehire her when her same position was posted publicly.   Williams alleges that these actions were retaliation for her prior discrimination lawsuit against LSU.   In an opinion that failed to address the bulk of Williams's claims, the district court granted the company's motion for summary judgment and dismissed the suit.   Because of the district court's legal and procedural errors in failing to analyze most of Williams's claims and in misstating Williams's burden of proof at the prima facie stage, we VACATE and REMAND.

## I

Plaintiff Patricia Williams was an employee of LSU Health Sciences Center in Shreveport for 38 years.   A registered nurse, Williams held the position of Assistant Hospital Administrator in the Ambulatory Care Division from 1993 until the events in question.   In this position, she was the administrator with management authority over the hospital's outpatient (or ambulatory care) system.

In 2013, the hospital was privatized; Louisiana turned over management and operations of the hospital to Biomedical Research Foundation of Northwest Louisiana (BRF).[1]   LSU employees interested in continued employment at the hospital had to reapply for a position with BRF.   The official changeover date for moving the hospital from public to private was October 1, 2013, and BRF hired consulting firm Alvarez & Marshal Healthcare Industry Group, LLC (A&M) in April 2013 to lead the transition.   Various employees of A&M thereafter led BRF and, in that capacity, took the employment actions relevant to this appeal.   Sandra Austin, the leader of the transition team for

---

[1] Defendants in this action are BRF Shreveport LLC and Biomedical Research Foundation of Northwest Louisiana.   For ease of reference, these entities are referred to collectively as BRF.   Defendants do not dispute employment status or coverage under Title VII for BRF or with respect to decisions made by A&M consultants on behalf of BRF.

2

No. 19-30124

A&M and BRF, testified that it was BRF's goal to restructure the ambulatory clinics' business model to either a Federally Qualified Health Center (FQHC) or a multi-specialty group practice model. Because of this, Austin testified, Williams, who lacked experience with such business models, would eventually need to be replaced.

Austin informed Williams in August 2013 that her current job would likely be eliminated once a full analysis of the ambulatory clinics occurred and restructuring began. Williams disputes the exact timing of when Austin provided her this information and testified that she did not learn the job would be temporary until after she had already applied for it. BRF concedes that this timeline is subject to genuine dispute. Williams applied for two other jobs on August 7, 2013: Executive Director of Surgical Services and Vice President of Special Projects. She did not initially apply for her current position because the description was listed as "N/A," but after consulting with Austin, who informed her that the "N/A" listing was likely a computer glitch and that she should go ahead and apply, did so on August 14, 2013. Williams was offered her then-current position as Assistant Administrator on August 19, 2013, received an official offer letter that explicitly referenced the job's temporary nature the next day, and later accepted the position. Williams was not offered the other jobs for which she applied, and those positions went to other candidates.

As planned, Williams initially continued in her same position after the transition to private ownership on October 1, 2013, but as an employee of BRF. In January 2014, the decision was made to terminate Williams's employment with BRF.[2] Williams was informed on January 14, 2014 that she would be

---

[2] Austin left BRF in September 2013 before the transition was finalized. Thereafter, Rich Cascio took over the transition and became interim CEO of BRF effective October 1,

No. 19-30124

terminated immediately. According to Williams, she was told only that her position was being terminated because of its temporary nature. The same position was subsequently advertised to the public, and BRF hired a candidate for that position in 2014; after that employee was terminated the following year, BRF hired another candidate to replace him.

Williams sued. The district court granted BRF's motion for summary judgment, concluding that Williams could not make out a prima facie case of retaliation.[3] Williams timely appealed.

## II

We review the grant of summary judgment de novo, applying the same standard as the district court. *Great Am. Ins. Co. v. AFS/IBEX Fin. Servs., Inc.*, 612 F.3d 800, 804 (5th Cir. 2010). "Summary judgment is appropriate only if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' when viewed in the light most favorable to the non-movant, 'show that there is no genuine issue as to any material fact.'" *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). "Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (internal quotation marks and citation omitted).

---

2013. Cascio, along with Kathleen Millgard (another consultant with A&M), among others, apparently made the ultimate decision to terminate Williams's employment.

[3] The district court also denied Williams's motion to amend and/or clarify its earlier judgment.

No. 19-30124

## III

Title VII prohibits discrimination against an employee or applicant for employment "because [the applicant] has opposed any practice made an unlawful employment practice by this chapter, or because he has made a charge . . . under this subchapter."  42 U.S.C. § 2000e-3(a).  We employ the familiar *McDonnell Douglas* burden-shifting framework for Title VII retaliation claims.  *See Rios v. Rossotti*, 252 F.3d 375, 380 (5th Cir. 2001). Accordingly, a plaintiff must first establish a prima facie case, after which the defendant must articulate a legitimate, non-retaliatory reason for the adverse action, at which point the burden shifts back to the plaintiff to "adduce sufficient evidence that would permit a reasonable trier of fact to find that the proffered reason is a pretext for retaliation."  *Id.* (internal quotation marks and citation omitted).

The district court granted summary judgment on Williams's retaliation claims based on its determination that she failed to make out a prima facie case.  A retaliation plaintiff makes out a prima facie case of retaliation with three elements: "(1) the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action."  *Fisher v. Lufkin Indus., Inc.*, 847 F.3d 752, 757 (5th Cir. 2017) (citing *Zamora v. City of Houston*, 798 F.3d 326, 331 (5th Cir. 2015)).

The district court reasoned that "there was – at a minimum – an approximate four and a half month gap (August 2013[–]January 14, 2014) between BRF's knowledge of Williams'[s] protected activity and the adverse employment action, *i.e.*, Williams'[s] termination."  The district court concluded that "[t]hese events are too distant to establish a causal link based on temporal proximity" because, as a matter of law, the temporal gap was too long.  According to the district court, "[m]ere knowledge of Williams past

5

No. 19-30124

lawsuit . . . is insufficient to survive summary judgment given the 'but-for' causation standard."  The district court also dismissed Williams's additional putative evidence of animus as evidence of a causal connection, because this evidence was "mere conjecture."  Moreover, according to the district court, "such evidence more likely falls within the type of evidence to be possibly considered at the pretext stage, a stage Williams never reaches because she cannot establish a *prima facie* case of retaliation."

We detect three crucial errors in the district court's analysis.  First, the district court relied on an incorrect causation standard in analyzing Williams's prima facie case.  In concluding that the but-for standard applied at the prima facie stage, the district court cited *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338 (2013), in which the Supreme Court announced that "retaliation claims must be proved according to traditional principles of but-for causation."  570 U.S. at 360.  The Supreme Court in *Nassar* did not specify at what stage of the burden-shifting analysis the but-for causation should be incorporated.  However, we have repeatedly held that the requirement of showing but-for causation applies in the final, pretext stage, rather than the prima facie stage.  *See Garcia v. Prof'l Contract Servs., Inc.*, 938 F.3d 236, 243 (5th Cir. 2019) ("*Nassar*'s heightened but-for causation requirement applies only in the third step (the pretext stage) of the *McDonnell Douglas* framework."); *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) ("This court has explicitly held that the 'causal link' required in prong three of the prima facie case for retaliation is not as stringent as the 'but for' standard.").  Moreover, the district court specifically relied on the but-for standard in granting summary judgment, stating: "Mere knowledge of Williams'[s] past lawsuit . . . is insufficient to survive summary judgment given the 'but-for' causation standard."  BRF conceded in its brief and at oral argument that using this but-for causation standard was error.

6

No. 19-30124

Second, the district court failed to consider four of the five adverse actions Williams asserted, instead cabining its analysis to her termination alone. The district court acknowledged in its order denying Williams's motion to amend the judgment that the majority of its analysis focused on the termination, but that "there was discussion of all of Williams'[s] challenged acts dating back to August 2013." But there is no real analysis of why those other claims fail, and the district court did not acknowledge any additional adverse action.

Third, and finally, the district court failed to consider evidence of a prima facie causal link beyond mere temporal proximity, concluding instead that such evidence should only be analyzed at the final, pretext stage of the analysis. Specifically, the district court stated that "Williams'[s] contentions are mere conjecture and such evidence more likely falls within the type of evidence to be possibly considered at the pretext stage, a stage Williams never reaches because she cannot establish a *prima facie* case of retaliation." But the prima facie causal link analysis and the pretext analysis are both causation inquiries, and we have noted that the functional difference between the two is not the type of evidence used, but instead is that "the burden [at the pretext stage] is more stringent." *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 685 (5th Cir. 2001) ("While this portion of the analysis may seem identical to the 'causal link' step in the prima facie case, the burden here is more stringent."). Williams points to non-temporal evidence that she claims shows retaliatory animus. The district court erred in refusing to consider this evidence at the prima facie stage.

Cumulatively, these errors warrant remand. "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 561 (5th Cir. 2018) (cleaned up). And although the absence of findings of fact and

7

No. 19-30124

conclusions of law on specific points, standing alone, does not require reversal in every case, "we have not hesitated to remand" when "we have no notion of the basis for a district court's decision, because its reasoning is vague or simply left unsaid." *McIncrow v. Harris County*, 878 F.2d 835, 835–36 (5th Cir. 1989) (quoting *Myers v. Gulf Oil Corp.*, 731 F.2d 281, 284 (5th Cir. 1984)). Such is the case here. Not only does the district court's analysis fail to analyze the bulk of Williams's contentions, the analysis that is present contains legal error. Under such circumstances, we decline to delve into the record in the first instance in search of a justification for the district court's judgment. *See Humphries v. Elliott Co.*, 760 F.3d 414, 418 (5th Cir. 2014) (declining to "alter the normal course" to delve into the merits of issues "that the district court never addressed"). Instead, the district court should, on remand, take up the full scope of the issues presented in this case and apply the correct law, as set out herein, in doing so.

***

For these reasons, the judgment of the district court is VACATED and the case REMANDED for further proceedings not inconsistent with this opinion.

# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

*March 09, 2020*

*Mr. Tony R. Moore*
*Western District of Louisiana, Shreveport*
*United States District Court*
*300 Fannin Street*
*Suite 1167*
*Shreveport, LA 71101-0000*

> *No. 19-30124   Patricia Williams v.*
> *Biomedical Rsrch Fdn Hosp Hold, et al*
> *USDC No. 5:16-CV-1615*

*Dear Mr. Moore,*

*Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.*

> *Sincerely,*
>
> *LYLE W. CAYCE, Clerk*
>
> *By:* _____
> *Rebecca L. Leto, Deputy Clerk*
> *504-310-7703*

*cc w/encl:*
*    Mr. Brian R. Carnie*
*    Ms. Victoria Plante-Northington*