**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| PATRICIA G. WILLIAMS | CIVIL ACTION NO. 16-1615 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BIOMEDICAL RESEARCH FOUNDATION HOSPITAL HOLDING, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion for Summary Judgment (Record Document 60) filed by Defendants, BRFHH Shreveport, LLC d/b/a University Health Shreveport (erroneously designated in caption as Biomedical Research Foundation Hospital Holdings, LLC) and Biomedical Research Foundation of Northwest Louisiana (hereinafter collectively referred to as "BRFHH"). BRFHH seeks the dismissal of Plaintiff Patricia G. Williams' ("Williams") retaliation suit on the grounds that Williams cannot establish a *prima facie* case of retaliation as to any of the challenged acts; Williams has no genuine evidence of a causal connection between her protected activity against LSU and each of the challenged acts by BRFHH which occurred many years later. See id. at 3. BRFHH also contends that summary judgment in its favor is warranted because it had legitimate, non-retaliatory reasons for all actions challenged by Williams and Williams cannot show those reasons are a pretext and that the acts would not have occurred "but for" her filing of the 2008 EEOC charge and/or 2010 lawsuit against LSU. Id.

Williams has opposed the Motion for Summary Judgment. See Record Document 71. She maintains there are multiple material facts in this case showing a causal link at the *prima facie* case stage. See id. at 13-25. Moreover, Williams submits there is ample evidence to create a genuine issue of material fact at the pretext stage, that is, BRFHH's

explanations and reasons for its adverse actions are a pretext for retaliation. See id. at 25-38.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be

granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). Where the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. See Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769 (2007). In sum, the motion for summary judgment "should be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553.

After a detailed review of the record and viewing the facts and drawing reasonable inferences in the light most favorable to Williams, the Court finds that summary judgment should be denied. Williams has gone beyond the pleadings and designated specific facts showing that there is a genuine dispute on facts relating to causal connection at both the *prima facie* and pretext stage. Summary judgment is likewise denied as to BRFHH's request to dismiss any claim for back pay after July 2014 due to Williams' alleged failure to mitigate. Causal connection and mitigation are both determinations better left to the trier of fact at trial.

Accordingly,

**IT IS ORDERED** that BRFHH's Motion for Summary Judgment (Record Document 60) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of September, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT