**MINUTES [01:30]**
**SEPTEMBER 22, 2021**
**CHIEF JUDGE S. MAURICE HICKS, JR.**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| PATRICIA G. WILLIAMS | CIVIL ACTION NO. 16-1615 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BIOMEDICAL RESEARCH FOUNDATION OF NORTHWEST LOUISIANA, ET AL. | MAGISTRATE JUDGE HORNSBY |

The Court held a pretrial conference on September 21, 2021 at 2:00 p.m. in the above-captioned matter. Victoria Plante-Northington appeared on behalf of the Plaintiff.[1] Brian Carnie appeared on behalf of the Defendants. Court reporter Marie Runyon was also present to make a record of the conference. Whitney Howell is the law clerk assigned to this matter and any further questions relating to this trial should be directed to her.

The jury trial in this matter remains set for **Monday, October 18, 2021**. Counsel should be in place at 8:30 a.m. to resolve any housekeeping issues and jury selection will begin at 9:00 a.m. The trial will be held at the Tom Stagg United States Court House, Shreveport, Louisiana in Courtroom One. The jury trial is expected to last five days. This matter is first on the docket.

The Court will conduct voir dire; however, the parties are allowed to submit proposed voir dire questions. Counsel will be allowed 20 minutes to make an opening

[1]Ms. Plante-Northington is admitted Pro Hac Vice. Carl Henry Franklin is local counsel. The Court advised Ms. Plante-Northington that Mr. Franklin, in his capacity as local counsel, would be required to attend the trial.

statement. The jury will be comprised of seven (7) jurors, and the parties will be allowed three (3) peremptory strikes each (simultaneous and written).

In accordance with Local Rule 16.4, counsel shall inform the Court immediately if settlement is reached. With the exception of the exhibit lists attached to the proposed pretrial order, the Court adopts the pretrial order as filed. Revised exhibit lists, preferably in the form of a joint exhibit list, shall be filed no later than **October 5, 2021**. By agreement of counsel and approval of the Court, Plaintiff's expert economist, Dr. Lehrer, will be called as a witness at trial via videoconference. No later than **October 12, 2021**, Plaintiff's counsel shall contact Courtroom Deputy Denise McDonnell to ensure the information needed to set up the videoconference testimony has been provided to the Court. Plaintiff's counsel also identified 8 or 9 witnesses beyond the subpoena power of the Court, but within the control of the defense. No later than **October 15, 2021**, defense counsel is to advise both Ms. Plante-Northington and the Court as to whether he will guarantee the presence of these witnesses.

For the reasons orally assigned on the record, the following action was taken in connection with the pending Motions in Limine (Record Documents 75 & 87):

1. Defendants' Motion in Limine (Record Document 75) was **GRANTED IN PART AND DENIED IN PART**. The motion was **GRANTED** as to the defense's request to exclude (i) evidence or testimony from current or former co-workers of Plaintiff concerning their assessment of Plaintiff's qualifications, work performance, or experience and allegations of discrimination or retaliation against Wanetta Keels. The Court further notes that defense counsel stated that the defense did not intend to introduce at trial any testimony about Ms. Keels or her prior lawsuit unless Plaintiff was permitted to introduce

testimony or evidence suggesting that Ms. Keels was likewise retaliated against. Given that concession, the motion was granted on this issue. The motion was **DENIED** as to the defense's request to exclude evidence or testimony about other job postings or back pay/front pay damages after Plaintiff admittedly stopped looking for work. This was the same issue raised in Defendants' Motion for Summary Judgment (Record Document 60). Because the Court denied summary judgment, the motion as to this issue was likewise denied.

2. Plaintiff's Motion in Limine (Record Document 87) was **DENIED**. The motion contained 38 numbered paragraphs requesting to exclude certain evidence, argument, or testimony. Many of Plaintiff's arguments relate to generalized objections as to broad categories of evidence such as "discussing or presenting evidence identifying, exhibiting, or intimating the contents or existence of any photographs, statements, or other documents to the members of the Jury or Jury Panel without first tendering the same to counsel for Plaintiff," "discussing or presenting evidence that Plaintiff's attorneys or their law firm(s) specialize in handling any specific type of case," and "discussing or presenting evidence on lawsuit abuse." The Court denied the motion as to these miscellaneous matters as they relate to generally applicable rules in litigation and trials and/or standard, general issues presented in cases in the setting of employment discrimination/retaliation. This Court will rely upon the attorneys to conduct themselves in a professional and ethical manner. It is simply not an efficient use of the Court's time to specifically address each of the listed items. If needed, such objections can be reurged at trial. More specifically, the Court addressed other arguments presented by Plaintiff and made the following rulings:

- The motion was **DENIED** as to Plaintiff's attempt to prevent Defendants from discussing or presenting evidence or argument about the outcome of the EEOC Charge or lawsuit filed by Plaintiff against LSUHSC or any other employer except Defendant.  The Court believes this evidence is relevant to causal connection.

- The motion was **DENIED** as to Plaintiff's attempt to prevent Defendants from discussing or presenting evidence that Plaintiff was terminated for any other reason but that Defendants claimed her position was temporary.  The defense must be able to present their stated reasons for their actions.  It is for the jury to determine whether to believe those reasons.

- The motion was **DENIED** as to Plaintiff's attempt to prevent Defendants from discussing or presenting evidence of any alleged problems with performance, write-ups, or misconduct while employed by Defendants or LSUHSC.  Again the defense must be able to present their stated reasons for their actions.  It is for the jury to determine whether to believe those reasons.  The same is true of Plaintiff's request to exclude discussion or presentation of evidence on any allegations that Plaintiff could not get along with employees or had a bad rapport or attitude with Defendants or LSUHSC employees.

- The motion was **DENIED** as to Plaintiff's attempt to prevent Defendants from discussing or presenting specific evidence on mitigation of damages, namely evidence relating to whether Plaintiff reapplied for the Practice Administrator/VP of Clinics position and/or whether the opening for such position was reposted.  The Court believes this evidence is relevant as to mitigation of damages.

- The motion was **DENIED** as to Plaintiff's attempt to prevent Defendants from discussing or presenting evidence that Defendants made the decision to terminate Plaintiff in good faith or discussing or presenting evidence that supports any defense or affirmative defense not specifically pled in its Answer.  The Court believes this evidence goes to legitimate, non-discriminatory reasons (non-retaliatory) for all of the actions challenged in the lawsuit.  Theses "defenses" were generally pled in the Answer.  Because Ms. Williams bears the burden at trial to show punitive damages are warranted (malice/reckless indifference), the defense has to be free to rebut same.

- The motion was **DENIED** as to Plaintiff's attempt to prevent Defendants from discussing or presenting evidence on the race or gender of any witness or person discussed in this case.  While this is not a race discrimination case, the race and gender of all of the live witnesses at trial will be apparent to the jury.  The jury is also able to consider whether someone who is the same race as Plaintiff would retaliate against her for opposing race discrimination.

- The motion was **DENIED** as to Plaintiff's attempt to prevent Defendants from discussing or presenting evidence that the hospital is a non-profit organization; discussing or presenting evidence regarding what a past or present governor has

    done to place Defendants or LSUHSC in its current financial condition; and discussing and presenting evidence or argument that Defendants have no money to pay a judgment or about the financial difficulties Defendants or LSUHSC has faced. The financial condition and net worth are relevant as to punitive damages. The fact that BRFHH is a non-profit is necessarily a part of that. The acts underlying the restructuring of the public hospital – including those of Governor Jindal – are circumstances that are relevant.

- The motion was **DENIED** as to Plaintiff's attempt to prevent Defendants from discussing or presenting evidence or argument that Plaintiff was required to see a professional counselor, therapist, social worker, psychologist, psychiatrist or any other mental healthcare provider to recover compensatory damages. Such evidence is clearly relevant to the determination of compensatory damages.

In addition to the aforementioned objections to exhibits contained in pending motions, counsel listed numerous objections to exhibits in the proposed pretrial order. See Record Documents 90-3 and 90-4. These objections are "bare bones" and include relevance, handwritten marks, incomplete documents, missing pages, confusion, unfair prejudice, authenticity, hearsay, etc. as the grounds for the objections. Counsel are directed to confer and work together to resolve these objections without further involvement from the Court. A revised exhibit list, reflecting recent motion in limine rulings and preferably in the form of a joint exhibit list, shall be filed by **October 5, 2021**. If objections to exhibits remain, counsel shall file the appropriate motion in limine to address the remaining objections by the same date.

Counsel shall submit to Chambers electronic courtesy copies of all submissions. The submissions shall be formatted in WordPerfect or Word format and e-mailed to motions_hicks@lawd.uscourts.gov. Exhibits do not need to be e-mailed.

The Court sets the following deadlines for trial preparation:

**Friday, October 8, 2021**

1. Proposed joint jury instructions shall be filed. The parties shall use Fifth Circuit pattern instructions. If the parties are unable to agree as to any specific jury

   instruction, a separate proposal, supported by pinpoint citations, should be submitted for each contested instruction.

2. Proposed joint verdict form shall be filed.

3. A joint preliminary statement to be read to the Jury shall be filed. Any stipulations shall be included in the joint preliminary statement.

4. Any proposed voir dire questions shall be filed.

**Tuesday, October 12, 2021**

1. If not already done so, counsel shall exchange final trial exhibits.

2. Exhibits on CD-ROM must be submitted to Courtroom Deputy, Denise McDonnell. A PDF version of all exhibits shall also be submitted to Ms. McDonnell.

3. Counsel shall submit one paper copy of trial exhibits/exhibit list to Chambers. The paper copy shall be in a three-ring binder, with each exhibit separated by a numbered tab. A copy of the exhibit list shall be emailed in Word format to motions_hicks@lawd.uscourts.gov.[2]

4. Counsel shall exchange, and submit to Chambers, demonstrative aids to be used at trial.

**Witness Lists**

1. Plaintiff's **final will call** list is due **Tuesday, October 12, 2021**. Defendants' **final will call** list is due **Thursday, October 14, 2021.** A party is responsible for producing its will call witnesses. Failure to include witness on list prevents that witness from appearing, except for impeachment purposes.

2. By **Tuesday, October 12, 2021,** the parties must submit a glossary of all names and unusual terms to the court reporter, **Marie Runyon (Room 4212)**. Real-time is available by arrangement with Mrs. Runyon, who may be contacted at 934-4756.

**Standing Trial Orders:**

1. The Court will make the jury questionnaires available to the parties the Friday afternoon before trial. Counsel are advised of the privileged nature of that information and that it shall not be copied or shared with anyone. Counsel are also prohibited from making contact, whether direct or indirect, with potential jurors. Jury questionnaires MUST be returned to Denise McDonnell after jury selection.

[2] Counsel are also asked to bring an extra paper copy of exhibits, in three-ring binders, to trial for the jury to use during deliberations.

2. Counsel will exchange the order of witnesses each morning before trial begins. A copy of the witness order shall be provided to the law clerk or Courtroom Deputy at the same time.

3. Counsel are to **be prepared** to use the equipment in the courtroom for evidence presentation. Counsel may contact Denise McDonnell at 676-3188 to make arrangements for instruction on the operation of the equipment.

4. Counsel shall familiarize themselves with the local rules for this district.

The Court also exercised its inherent power to impose sanctions against Ms. Plante-Northington for abusive conduct. "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id.

"Because of their very potency, inherent powers must be exercised with restraint and discretion." Id. "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers, 501 U.S. at 44, 111 S.Ct. at 2133. The threshold for the use of this inherent power is high and requires a specific finding of bad faith. See Toon v. Wackenhut Corrections Corp., 250 F.3d 950, 952 (5th Cir.2001). "If there is a reasonable probability that a lesser sanction will have the desired effect, the court must try the less restrictive measure first." Natural Gas Pipeline Co. of America v. Energy Gathering, Inc., 86 F.3d 464, 467 (5th Cir.1996).

Being ever mindful that it must exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees," this Court found that counsel for the Plaintiff had

acted in bad faith in responding to an email to the Court's career law clerk. The Court read the email into the record and stated that an email to a career law clerk is an email directly to the Court. Ms. Plante-Northington's flippant response to the law clerk's email constituted bad faith. The email was disrespectful, unprofessional, and a challenge to this Court's authority to manage and control its docket.

Ms. Plante-Northington was **ORDERED** to attend five additional hours of continuing legal education in the area of professionalism in 2021-2022 over and above what she is required to attend as a member of the Texas bar. The courses must be accredited by the Federal Bar Association or the Texas State Bar Association. Three hours must be completed by the end of 2021. The additional two hours shall be completed no later than March 31, 2022. No later than December 31, 2021 and March 31, 2022, Ms. Plante-Northington is to provide the Court with documentation that she has complied with this order. The purpose of this sanction is to deter Ms. Plante-Northington from future unprofessional conduct in her interactions with this Court and all courts.

/s/ Maurice Hicks /